Case 4:17-cv-03299   Document 191   Filed on 11/25/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLOBAL TUBING, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17-cv-3299 |
| | § | |
| TENARIS COILED TUBES, LLC, | § | |
| and TENARIS, S.A., | § | |
| | § | |
| Defendants. | | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Global Tubing's ("Global Tubing") Omnibus Rule 37 Discovery Motions (Doc. 174). After considering the Motion, the parties' briefs, parties' oral arguments, and all applicable law, the Court determines that Plaintiff's Motion should be **GRANTED** in part and **DENIED** in part, as discussed below.

The factual and procedural history of this case is extensive, and the Court has discussed it at length elsewhere. Global Tubing asked the Court to (1) compel Tenaris S.A. to respond to twenty-five interrogatories, (2) grant leave for an extra deposition of one Juan Carlos Gonzalez, and (3) compel a response to Interrogatory 20. The parties represented to this Court at the motions hearing on August 23, 2020, that the third dispute had been resolved. The Court thus considers the third issue moot, and turns to the first two disputes.

**I.      Interrogatories Served on Tenaris S.A.**

Global Tubing moves to compel Tenaris S.A. to respond to the first twenty-five interrogatories served on September 16, 2020. (*See* Doc. 174-1). On October 16, 2020, Tenaris S.A. objected by stating: "the parties agreed that 'each party shall have thirty (30) interrogatories to serve in this case (without prejudice to seeking leave to serve additional interrogatories)." (Doc.

1

174-2 at 1). Because Tenaris Coiled Tubes ("TCT") had already answered 30 interrogatories, they maintained that "Tenaris has answered all the interrogatories to which Global Tubing is entitled to under the agreement." (*Id.*)

Global Tubing asserts that this agreement between Global Tubing and TCT cannot be enforced to preclude interrogatories on Tenaris S.A. because (1) Tenaris S.A. was not a party to the agreement (only TCT), and (2) the agreement was not a valid "stipulation" under Rule 29. (Doc. 174 at 1-3). Instead, Rule 33 controls and allows Global Tubing to serve 25 interrogatories on Tenaris S.A. as a separate and distinct "party." (*Id.* at 1). Global Tubing also argues that Tenaris S.A. has waived any objections to the substance of the interrogatories. (Doc. 184 at 3).

Tenaris S.A. and TCT respond collectively as "Tenaris" and argue that the agreement to 30 interrogatories on December 10, 2018, is a binding stipulation under Rule 29. Tenaris further argues that Global Tubing added Tenaris S.A. as a defendant for the second time on December 13, 2019, and never sought to amend the agreement or the Court's leave to serve interrogatories on Tenaris S.A. (Doc. 180 at 2-3). Instead, Global Tubing waited until September 16, 2020—nearly a year after adding Tenaris S.A. and only a month before discovery closed—to serve the interrogatories. (*Id.* at 3).

The issues raised are (1) whether Tenaris S.A. is a party to the agreement for 30 interrogatories; (2) whether Tenaris S.A. is the same "party" as TCT for purposes of Rule 33's limit on interrogatories; (3) if so, whether the Court should grant leave for Global Tubing to serve additional interrogatories on Tenaris S.A.; and (4) whether Tenaris S.A. waived specific objections to the interrogatories served.

First, Tenaris S.A. was not a party to this lawsuit on December 10, 2018, when Global Tubing and TCT agreed to 30 interrogatories for each party. Tenaris S.A. was voluntarily

dismissed by Global Tubing on February 14, 2018 (Doc. 2), and was not added again until December 13, 2019. (Doc. 80). Thus, including Tenaris S.A. would go beyond what could have reasonably been anticipated at that time. In other words, Tenaris S.A. was not a "party" at the time the "parties" agreed to 30 interrogatories each. Therefore, the Court will not construe the purported agreement in December of 2018 to include Tenaris S.A.

Second, determining whether Global Tubing is entitled to 25 interrogatories from Tenaris S.A. requires deciding whether Tenaris S.A. and TCT are the same "party" under Rule 33. Rule 33 states that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories." Fed. R. Civ. P. 33(a). The court may still grant leave for additional interrogatories if appropriate. *Id.* While depositions are limited to ten per side, Fed. R. Civ. P. 30(a)(2)(A)(i), Rule 33 uses the term "party" instead. At least one court has adopted a "plain text" approach to rule that, for multiple parties on one side, each party may serve and be served with 25 interrogatories. *St. Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288, 289 (D. Mass. 2003).

However, other courts have adopted Wright & Miller's pragmatic approach. Because it often happens where multiple parties on the same side are represented by the same counsel and "act in unison," it is compelling "to recognize that in some instances nominally separate parties should be considered one party for purposes of the 25-interrogary limitation." 8B Wright & Miller, *Federal Practice and Procedure* § 2168.1 (3d ed. 2020). The treatise cites the present facts as an example: "in instances of legally related parties such as a parent corporation and its subsidiary, this could be particularly attractive." *Id.* A district court in Colorado applied this approach where the plaintiff argued the two defendants were "alter egos" that "should be treated as a single, unified entity." *Vinton v. Adam Aircraft Indus., Inc.*, 232 F.R.D. 650, 664 (D. Colo. 2005); *see also Zito*

3

*v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006) (discussing Wright & Miller as the "more sensible approach" than the textualist reading).

In accordance with the pragmatic approach, the Court finds it most sensible to treat Tenaris S.A. and TCT as one party. The two share a legal relationship: Tenaris S.A. as the parent corporation and TCT as its subsidiary. (Doc. 80 ¶ 18). They are represented by the same counsel and "act in unison," often filing motions under a collective "Tenaris." Most importantly, Global Tubing draws no distinctions between Defendants Tenaris S.A. and TCT in its complaint. It refers to both of them as a collective "Tenaris" throughout, and mentions Tenaris S.A. only once to present it as a party. (*Id.* at ¶ 18, 21). All of Global Tubing's factual allegations and claims apply equally to Tenaris S.A. and TCT. Adopting a plain text reading to Rule 33 would only incentivize parties to add corporate principals or subsidiaries in order to gain more interrogatories. Under such circumstances, the Court will treat both Defendants as one party and deny Global Tubing's motion to compel all 25 interrogatories.

Third, the Court may still grant leave for additional interrogatories. Fed. R. Civ. P. 33(a). Even under the stipulation from December 2018, the parties are entitled to seek leave for additional interrogatories. (Doc. 174-2 at 1). Global Tubing added Tenaris S.A. as a defendant on December 13, 2019, and does not adequately explain why it waited until September 2020 to serve the interrogatories in question. At the motions hearing, Global Tubing alluded to conducting discovery in a measured way; seeking to serve additional discovery as they learn more information. However, the interrogatories ask about the general nature of Tenaris S.A.'s role—information that Global Tubing would have had sufficient knowledge about well before September 2020.

On the other hand, Tenaris S.A.'s status as the principal suggests it may have information that TCT (the subsidiary) does not. Additionally, the number of claims that Plaintiff must prove in

this lawsuit has expanded significantly since its inception. Therefore, the Court grants Global Tubing leave to serve ten (10) interrogatories on Tenaris S.A.

Finally, Global Tubing argues that Tenaris S.A. has waived any additional objections to the interrogatories. (Doc. 184 at 3). Objections must be "stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Tenaris S.A. did not make specific objections as to the content of the interrogatories. It follows that Tenaris has waived any other objections not made in its response. But because the Court grants Global Tubing leave to serve interrogatories on Tenaris S.A., that service will be construed as giving Tenaris additional time to respond.

## II. Deposition of Juan Carlos Gonzalez

Global Tubing also asks the Court to grant additional deposition time to depose Juan Carlos Gonzalez based on Tenaris's failure to preserve his emails and documents. (Doc. 174 at 3). Tenaris has agreed to offer Mr. Gonzalez for a remote deposition (as he resides in Argentina) but the parties dispute whether the deposition should count against the seventy-five (75) hours of deposition time that the parties agreed to in their discovery plan. (Doc. 15 at 5). At the motions hearing, the parties also disputed whether the discovery plan should be interpreted as an agreement to seventy-five (75) hours *and* ten (10) depositions, or solely seventy-five (75) hours.

If "electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to prevent it, and it cannot be restored or replaced through additional discovery," the court may order measures necessary to cure the prejudice. Fed. R. Civ. P. 37(e). Global Tubing argues that, because Tenaris failed to preserve Mr. Gonzalez's communications and documents, this Court should grant additional deposition time to cure the prejudice. Tenaris maintains that no prejudice exists because

5

(1) it was Siderca S.A.I.C., an entity separate from Tenaris, that failed to preserve his documents, and (2) Mr. Gonzalez was only an "indirect supervisor" not central to the case. (Doc. 180 at 3-4).

Rule 37 allows measures to cure prejudice only if the electronically stored information lost "cannot be restored or replaced through additional discovery." Global Tubing posits that the deposition is to obtain the information that was lost in the deleted emails and documents. It appears that the electronically stored information which was lost *can* be replaced with additional discovery, and an order to cure prejudice is not warranted. Rather, the Court should decide whether to grant leave for deposition time in addition to what the parties agreed to in their discovery plan.

Based on the information provided, the Court finds that Mr. Gonzalez had a sufficiently important role in the development, supervision, and IP strategy of BlueCoil. As a supervisor, it is reasonably likely that he had access to different information than the inventors. It is also possible that some information may have to be directly obtained from Gonzalez—not indirectly from Valdez—to overcome hearsay and other admissibility issues. While Mr. Gonzalez was employed by a separate entity, (1) that is true for other witnesses on the litigation hold, and (2) Tenaris should have anticipated his relevance and taken the reasonable steps to preserve the information at issue.

The Court grants leave for the additional deposition of Mr. Gonzalez, but will count it as one of the ten agreed-upon email custodian searches. This deposition will not count against the seventy-five-hour limit set by parties nor the limit of ten depositions in Rule 30(a)(2)(A)(i).

### III.   Conclusion

In sum, the Court **DENIES** Global Tubing's motion to compel twenty-five (25) interrogatories, but **GRANTS** Global Tubing leave to serve ten (10) interrogatories on Tenaris S.A. by December 3, 2020, with leave for Tenaris to respond and object. Additionally, the Court **GRANTS** Global Tubing's motion for an additional deposition of Mr. Gonzalez. The Court further

orders the parties to submit an updated scheduling order three (3) days after the December 17, 2020, hearing with Magistrate Judge Palermo. The Court directs the parties to complete discovery with utmost expediency.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 25th day of November, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE